CONNELL MARX, APPELLANT, v. ARTHUR MARX, RESPONDENT.—88 S. W. (2d) 1018.

Springfield Court of Appeals. December 10, 1935.

Rehearing denied, January 9, 1936.

*Gene G. Diemer* for appellant.

*Chas. M. Farrington* for respondent.

SMITH, J.—This is an action to modify a divorce degree with reference to the custody of a child and with reference to the amount of maintenance money and alimony. The original divorce action was begun in the Circuit Court of Greene County and was tried at the September term, 1934. At that time the now appellant was the party plaintiff and the now respondent was the party defendant. A decree of divorce was granted to the plaintiff at that time and the plaintiff was given the custody of the minor child for ten months of each year and the plaintiff was granted alimony in the sum of $60 per

month for her support and maintenance and $15 per month for the support and maintenance of the said minor child, Arthur C. Marx, Jr.

Afterwards, at the same term of court, to-wit, December 11, 1934, defendant filed his motion to modify the decree of divorce so rendered, and asked that the allowance for alimony be reduced and that the plaintiff be not allowed to take the child out of the State of Missouri. The plaintiff answered the motion, and asked that she be given full custody of the child, Arthur C. Marx, Jr., and for permission to remove the child to Dallas, Texas, and alleged many reasons why the defendant was not suited to have the care and custody of said child.

At the close of the testimony the court granted the plaintiff permission to take the child to the City of Dallas, Texas, her former home, during the school period, giving the control and custody of the child to the defendant during the summer vacation, reducing the amount of her alimony from $60 per month as it formerly was to the sum of $25 per month, allowing maintenance money in the sum of $15 per month as it previously was during the school period only.

In due time plaintiff filed her motion for a new trial, which was overruled, and the plaintiff, by the usual procedure, has appealed from said judgment to this court.

The defendant filed a motion in this court to dismiss this appeal for the reason that the appellant has made no effort to comply with our rule 15 with reference to preparing the abstract.

We think if there ever has been a case before us where such a motion should be sustained it is this case. Rule 15 provides in part that "The evidence of witnesses shall be stated in a narrative form, except when the questions and answers are necessary to a complete understanding of the evidence." Yet in the face of that plain provision of our rule, not one particle of evidence is stated in narrative form. What the appellant in this case designates "Abstract of Record" contains 333 pages. Over 300 of these pages are taken up by setting out each and every question asked with the answer to each question. We feel reasonably certain that if the testimony included within those 300 pages had been properly narrated it could have been done with not more than 30 pages used. It doesn't take any reasoning to understand why the court formulated such a rule. The court is supposed to read the testimony, but if every case that is appealed should be sent up just as this one is, we would never be able to read all the abstracts. Not only does it help members of the court, but it helps the appellant greatly in that it saves at least three-fourths of the number of pages printed, for which the printers make charges that have to be paid by the appellant. And in addition to that, it is the plain rule of this court that is supposed to be observed. No practicing lawyer can well afford to say that he did not know the rule,

for it is published in the back of every volume of the Missouri Appeal Reports.

Our rule 21 provides the penalty of dismissal on motion for failure to comply with the rules.

We do not want to be too harsh, or too strict and thus cause litigants extra expense, yet there must be substantial compliance with our rules. The appellant still has another route to pursue if a hearing in this court is desired, but because of a total violation of this rule, this appeal is dismissed. *Allen, P. J.*, and *Bailey, J.*, concur.